UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELMER FRAZIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 12-cv-9739 |
| OFFICER JOHN DOE #1, CITY OF CHICAGO, and GARRY MCCARTHY, | ) ) ) Judge John W. Darrah ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Elmer Frazier filed suit on December 6, 2012, against the City of Chicago and Chicago Police Officer John Doe #1, alleging excessive force in violation of 42 U.S.C. § 1983, assault and battery, and a claim of *respondeat superior* against the City of Chicago. Frazier amended his Complaint on May 9, 2013, adding Chicago Police Superintendent Garry McCarthy as a defendant and asserting a claim of supervisory liability against McCarthy.[1] McCarthy moves to dismiss the supervisory liability claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim against him upon which relief can be granted. For the reasons stated below, McCarthy's Motion to Dismiss is denied.

### BACKGROUND

The following facts are drawn from Frazier's First Amended Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Frazier attended the May 20, 2012 protest march against the North

---

[1] Frazier also added a claim under Section 1983 against Defendant Doe for violation of his First Amendment right to assembly. (Am. Compl. ¶¶ 30-33.)

Atlantic Treaty Organization (NATO) in Chicago as an observer. (Am. Compl. ¶¶ 7, 10.) Frazier asserts the Chicago Police Officers were poised to use violence against anyone they perceived to be at the protest or to be a member of an anarchist group. (*Id.* ¶ 9.) McCarthy was present at the protest and directed all police operations within Chicago and at the NATO march on that date. (*Id.* ¶ 5.) McCarthy acted as the commanding officer for all Chicago Police Officers present at the protest. (*Id.* ¶ 17.)

Near the end of the NATO march, Chicago Police Officers mounted bicycles and created a barricade, forcing civilians from the street to the sidewalk, and Officer John Doe grabbed Frazier's arm and shoved him to the pavement. (*Id.* ¶¶ 11-12.) As Frazier fell to the ground, he hit his head on a metal barricade on the sidewalk and then on the ground. (*Id.* ¶¶ 12-13.) Chicago Police Officers ordered Frazier to get up, but he was unable to get up due to injuries he sustained when he fell. (*Id.* ¶ 14.) Officer Doe remained on his bicycle and stood over Frazier while he lay on the ground. (*Id.* ¶ 15.)

Frazier and others called 911, and Frazier was taken to the hospital for treatment. (*Id.* ¶ 16.) Frazier was unable to work for a short period of time due to his injuries and continues to suffer physical injuries and mental distress. (*Id.* ¶¶ 18-19.)

In the First Amended Complaint, Frazier contends McCarthy, acting in his supervisory capacity, "knowingly, or with deliberate indifference and recklessness, directed, encouraged, authorized, and acquiesced in the actions taken by Defendant Doe, or else affirmatively turned a blind eye thereto without taking any steps to stop the excessive force." (*Id* ¶ 28.) McCarthy moves to dismiss the claim against him on the basis that Frazier failed to state a claim for supervisory liability. The Motion was fully briefed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Under the Federal Rules, the defendant can assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 578 (quoting *Twombly*, 550 U.S. at 570). To meet this plausibility standard, a plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). Additionally, "a plaintiff must plead facts that suggest a right to relief beyond the speculative level." *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 988 (7th Cir. 2012) (citing *Twombly*, 550 U.S. at 555). A 12(b)(6) motion does not evaluate "whether a plaintiff will ultimately prevail" but instead, whether the plaintiff is entitled to present evidence in support of the claims. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

## ANALYSIS

Section 1983 establishes personal liability on the part of any person who causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42

U.S.C. § 1983. "The doctrine of *respondeat superior* does not apply to § 1983 actions . . . ." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, for a supervisor to be liable under Section 1983, the supervisor "must be personally responsible for the deprivation of the constitutional right." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (internal quotations and citations omitted). To establish this type of personal involvement, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see". *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992.

McCarthy was present at the NATO march on the day Frazier was injured. (Am. Compl. ¶ 5.) McCarthy was "directing all police operations within the City of Chicago and at the march on that date" and was the commanding officer for all Chicago Police Officers present at the march. (*Id.* ¶¶ 5, 17.) Taking the facts asserted by Frazier as true, it is facially plausible that McCarthy, as the commanding officer, condoned the actions of Officer Doe, or perhaps turned a blind eye to them.

It is appropriate to dismiss a claim under Fed. R. Civ. P. 12(b)(6) "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011) (quotations and citations omitted). Here, it is plausible that Frazier may, at the close of discovery, be able to demonstrate McCarthy's personal involvement with respect to Officer Doe's conduct. Accordingly, Frazier has sufficiently stated his claim of supervisory liability against McCarthy to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See AnchorBank*, 649 at 614.

## CONCLUSION

For the reasons set forth above, Frazier has adequately stated a claim for supervisory liability under Section 1983. McCarthy's Motion to Dismiss [22] is denied.

Date:  December 10, 2013                                   /s/ John W. Darrah
                                                           JOHN W. DARRAH
                                                           United States District Court Judge