UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELMER FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-9739 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge John W. Darrah |
| OFFICER JOHN DOE #1, and | ) | |
| GARRY MCCARTHY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Elmer Frazier filed a Second Amended Complaint on May 1, 2014, against Defendants Officer John Doe #1 ("Doe"), Garry McCarthy and the City of Chicago, asserting various violations of 42 U.S.C. § 1983 and Illinois state law. Plaintiff's claims stem from an alleged altercation between Plaintiff and Doe on May 20, 2012. Defendants filed a Motion for Summary Judgment on Counts I, II, IV, and V, the claims against Doe and McCarthy. For the reasons set forth more fully below, Defendants' Motion for Summary Judgment is granted in part.

## **LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Local Rule 56.1(b)(3)(C) permits the nonmovant to submit "any additional facts that require the denial of

summary judgment. . . ." To overcome summary judgment, "the nonmoving party must file a response to each numbered paragraph in the moving party's statement." *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.* A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to the specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). If the responding party fails to comply with Rule 56.1, its "additional facts may be ignored, and the properly supported facts asserted in the moving party's submissions are deemed admitted." *Gbur v. City of Harvey, Illinois*, 835 F. Supp. 2d 600, 606-07 (N.D. Ill. 2011). Substantial compliance is not enough; parties must strictly comply with the rule. *See Ammons*, 368 F.3d at 817.

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff went to observe the Iraqi War Veteran's Protest at the NATO Summit on May 20, 2012. (Def's 56.1(a) ¶ 7.) Plaintiff was near a pizza store located slightly north of the northwest corner of Cermak and Michigan. (Def's 56.1(a) ¶ 8.) Plaintiff claims that, at some point, a Chicago Police Officer (Doe) was on a bicycle, approached him, and told him to step

2

back. (Def's 56.1(a) ¶ 10.) Plaintiff did not see Doe prior to this interaction and did not see Doe take orders from anyone before Doe approached him. (Def's 56.1(a) ¶¶ 11-12.) Plaintiff claims that, though he stepped back, Doe again told him to move. (Def's 56.1(a) ¶ 13.) According to Plaintiff, Doe then grabbed him by the arm and threw him to the ground. (Def's 56.1(a) ¶¶ 14-15.) Plaintiff fell and hurt his ankle. (Def's 56.1(a) ¶ 15.) When Plaintiff fell, First Deputy Superintendent Al Wysinger cleared the area. (Def's 56.1(a) ¶ 17.) Plaintiff did not see Wysinger in the area before his interaction with Doe, nor did he see Wysinger give any orders to Doe before their interaction. (Def's 56.1(a) ¶¶ 18-19.) Plaintiff was taken to Mercy Hospital by ambulance. (Def's 56.1(a) ¶ 23.)

Garry McCarthy was the Superintendent of the Chicago Police Department at all relevant times. (Def's 56.1(a) ¶ 3.) On May 20, 2012, Superintendant McCarthy was in overall command of the officers on scene at the NATO protest event and all officers throughout the City of Chicago. (Def's 56.1(a) ¶ 24.) McCarthy was not the officer who pushed Plaintiff to the ground. (Def's 56.1(a) ¶ 27.) Plaintiff did not see McCarthy before his interaction with Doe. (Def's 56.1(a) ¶ 25.) McCarthy did not observe the interaction between Plaintiff and Doe and was not made aware of any circumstances in which any officer was alleged to have pushed Plaintiff to the ground. (Def's 56.1(a) ¶ 28-29.) From where he was stationed, McCarthy could not see what individuals were doing in the location where Plaintiff was standing. (Def's 56.1(a) ¶ 38.) McCarthy could not have observed Plaintiff due to the people between the two. (Def's 56.1(a) ¶ 41.) To McCarthy's knowledge, bike patrol officers were not instructed to remove bystanders. (Def's 56.1(a) ¶ 50.) And Plaintiff was never told to leave the area. (Def's 56.1(a) ¶ 51.) McCarthy does not recognize the Plaintiff. (Def's 56.1(a) ¶ 26.)

3

During discovery, Plaintiff went to police headquarters to identify Doe; and Chicago Police Department personnel presented him with several groups of pictures. (Def's 56.1(a) ¶¶ 56-57.) Plaintiff was unable to make a positive identification and has not, to date, identified Doe. (Def's 56.1(a) ¶¶58-59.)

**LEGAL STANDARD**

Summary judgment will be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts are required to view all facts and make reasonable inferences "in the light most favorable to" the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute of material facts exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To overcome a motion for summary judgment, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). The nonmovant must show "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248).

"A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "It is reasonable to assume that just as a district court is not required to 'scour the record looking for factual disputes,' . . . it is not required to scour the party's various submissions to piece together appropriate arguments. A

court need not make the lawyer's case." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (citing *Anderson*, 477 U.S. at 248-49).

## ANALYSIS

### *Officer John Doe #1*

In Count I, Plaintiff alleges excessive force against Defendant Doe under 42 U.S.C. § 1983. In Count II, Plaintiff alleges an assault and battery claim under Illinois law against Defendant Doe. In Count V, Plaintiff alleges a violation of his First Amendment rights under 42 U.S.C. § 1983 against Defendant Doe. In their Motion for Summary Judgment, Defendants argue that Defendant Doe must be dismissed with prejudice as he has not been identified and the statutes of limitation have tolled. Failure to identify a defendant during discovery, and the consequential failure to serve that defendant with process, requires dismissal of the unknown and unnamed defendant. *See Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) ("Due to [Plaintiff's] failure to identify this defendant and the lack of any record that this individual was served with process, the district court's grant of summary judgment for this unknown and unnamed defendant is modified to dismiss this defendant from the case.") Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court − on motion or on its own after notice to the plaintiff − must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff filed his Second Amended Complaint on May 1, 2014, and has yet to serve Doe. Pursuant to Rule 4(m), Officer John Doe #1 is dismissed as a Defendant without prejudice.[1]

---

[1] Plaintiff did not respond to Defendants' arguments for dismissing the claims against Doe. "It is not the obligation of this court to research and construct the legal arguments open to

5

*Garry McCarthy*

In Count IV, Plaintiff alleges supervisory accountability against McCarthy for the actions of Doe. Specifically, Plaintiff alleges that McCarthy "knowingly, or with deliberate indifference and recklessness, directed, encouraged, authorized, and acquiesced in the actions taken by Defendant Doe, or else affirmatively turned a blind eye thereto without taking any steps to stop the excessive force." (Compl. ¶ 28). "An individual supervisor cannot be held liable under § 1983 simply on the theory of *respondeat superior*." *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 779 n. 37 (7th Cir. 2014). Supervisors may be held liable under § 1983 if they "know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010). Claims against individuals under § 1983 require personal involvement in the alleged constitutional deprivation; and, while "direct participation is not necessary, there must at least be a showing that the [defendant] acquiesced in some demonstrable way in the alleged constitutional violation." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Negligence in failing to detect and prevent subordinates' misconduct is not a basis for supervisory liability. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Jones v. City of Chi.*, 856 F.2d 985, 992-93 (7th Cir. 1988)).

Plaintiff has not shown that McCarthy knew about the unconstitutional conduct, let alone facilitated, approved, condoned or turned a blind eye to it. *See T.E.*, 599 F.3d at 588. Nor has Plaintiff brought forth any facts to show that McCarthy acquiesced in a demonstrable way to the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. It is undisputed that McCarthy did

---

parties, especially when they are represented by counsel." *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir.1986).

not observe the interaction between Plaintiff and Doe and was not made aware of any circumstances in which any officer was alleged to have pushed Plaintiff to the ground. (Def's 56.1(a) ¶¶ 28-29.) Indeed, it is undisputed that McCarthy could not have observed what occurred. *See* (Def's 56.1(a) ¶¶ 38, 41.) If McCarthy did not see, and could not have seen, what occurred, then logically he did not turn a blind eye. *See Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) (holding that supervisory defendants were not present and thus could not have turned a blind eye). Because the contact was not prolonged enough for McCarthy to know that it occurred or be deliberately indifferent to it, and because McCarthy could not have undertaken any action to "un-do" any alleged constitutional violation by Doe, supervisory accountability is inappropriate. *See Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 478 (7th Cir. 1997) (finding that no supervisory liability existed where contact consisted of one poke and push). Plaintiff also admits that McCarthy was not the officer who pushed him to the ground and that McCarthy did not direct any officer to push him to the ground. (Def's 56.1(a) ¶¶ 27, 32.)

In his response, Plaintiff, for the first time, raises an argument that McCarthy was recklessly indifferent because of a "failure to develop and implement a plan to prevent the type of excessive force used by Officer John Doe #1 during the rally." (Pl. Resp. at 4-5).[2] As evidence for this position, Plaintiff argues that McCarthy approved a General Order, encouraging the use of physical force and that he was active in policing the NATO protest. Plaintiff believes that this means McCarthy should have been aware an "*incident*" was possible.[3] The General

---

[2] "A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 606 (7th Cir. 2000) (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir.1996)).

[3] Plaintiff argues that McCarthy should have foreseen the *possibility* that crowd control efforts would lead to the use of excessive force. However, McCarthy would be liable under

7

Order that Plaintiff references is not presented as an exhibit, nor is any information about it included in Plaintiff's statement of facts. Therefore, that argument is not persuasive. *See Anderson*, 477 U.S. at 248 (holding party opposing summary judgment "must set forth *specific facts* showing that there is a genuine issue for trial.").

Plaintiff cites *Wilks v. Young*, 897 F.3d 896 (7th Cir. 1990), and argues that the Court should consider what "would be apparent to a reasonable person in [McCarthy's] position" in determining reckless indifference. *Wilks*, 897 F.2d at 898. However, that case was recognized as abrogated, because supervisory liability based on what a defendant should have known is inappropriate. *See King v. Fairman*, 997 F.2d 259, 262-63 (7th Cir. 1993) ("The jury should not have been instructed that it could find for the plaintiff based on what [Defendants] should have known.") McCarthy cannot have supervisory accountability for things that he "should have known" may occur. Plaintiff's argument that McCarthy was recklessly indifferent due to a failure to develop and implement a plan to prevent excessive force fails in this context, and Plaintiff does not raise a failure-to-train argument in his Complaint.

Defendants' Motion for Summary Judgment is granted as to Count IV.

*City of Chicago*

In Count III, Plaintiff alleges that the City of Chicago is liable for Doe's assault and battery against him under *respondeat superior*, as the actions were taken within the scope of Doe's employment as a Chicago Police Officer. The City of Chicago may still be exposed to "vicarious liability for the unnamed and unknown defendant." *Williams*, 509 F.3d at 405. With the grant of summary judgment for McCarthy and the dismissal of Defendant Doe, no federal claims remain. "[I]t is the well-established law of this circuit that the usual practice is to dismiss

---

§ 1983 only if it were shown that he knew about and facilitated unconstitutional conduct.

without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Count III is dismissed with leave to file in state court.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment [56] is granted as to Count IV. Judgment is entered in Defendant Gary McCarthy's favor. Defendant Officer John Doe #1 is dismissed from the case. Count III is dismissed with leave to file in state court.

Date: _____May 6, 2015_____        _____
                                             JOHN W. DARRAH
                                             United States District Court Judge